## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:18-CV-177-FDW

| | |
|---|---|
| LEWIS CHARLES LANDRETH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| HENDERSON COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. (Doc. No. 3).

Federal courts can allow a litigant to prosecute or defend a civil action without paying the usual required fees if the litigant submits an affidavit containing a statement of the litigant's assets and demonstrating that he cannot afford to pay the required fees. 28 U.S.C. § 1915(a)(1). An impoverished plaintiff does not have to prove that he is "absolutely destitute to enjoy the benefit of the statute." Adkins v. E.I. Du Pont de Nemours & Co., 335 U.S. 331, 339 (1948). The individual seeking to proceed *in forma pauperis* need only show indigence or poverty sufficient to demonstrate his inability to provide for the necessities of life while paying the costs of litigation. Id. at 339-40. If a court determines at any time that the allegation of poverty made in an *in forma pauperis* application is "untrue," then the court "**shall** dismiss the case." 28 U.S.C. § 1915(e)(2)(A) (emphasis added). Dismissal with prejudice is appropriate only when the applicant intentionally misrepresented his financial condition, acted in bad faith, and/or engaged in manipulative tactics or litigiousness. See Willingham v. Cline, 2013 WL 4774789 at *2 (W.D.N.C. Sept. 5, 2013)

(quoting Justice v. Granville Cnty. Bd. of Educ., 2012 WL 1801949 at *4 (E.D.N.C. May 17, 2012)).

Plaintiff's affidavit in support of the application dated June 28, 2018, shows zero monthly income and zero assets. (Doc. No. 3 at 1-4). He states as follows to explain why he cannot pay the costs of these proceedings: "I have been in County Jail for the past two and a half years awaiting court. I have no way or means of making money, I rely on others, I have court appointed lawyer on the charge's I'm in on due to no money and can not afford one." (Doc. No. 3 at 5).

Because Plaintiff is incarcerated, the Court ordered the appropriate prison official to provide a certified copy of Plaintiff's most recent inmate trust fund account statement for the six months immediately preceding the filing of the Complaint. (Doc. No. 4). The certified records submitted by the prison reveal that, as of July 4, 2018, Plaintiff had a "spend balance" of $6,646.16 in his prison account. (Doc. No. 5 at 4). Plaintiff's balance on January 2, 2017, was $2,576.00 and his account during the recorded period has never been lower than $2,000.

Contrary to the representations in Plaintiff's *in forma pauperis* affidavit, the prison account records reveal that he has substantial assets and can afford the $400 filing fee. The Court finds that his claims of poverty in the affidavit are untrue and will therefore dismiss Plaintiff's Complaint without prejudice to his ability to refile upon payment of the filing fee. 28 U.S.C. § 1915(e)(2)(A).

**IT IS, THEREFORE, ORDERED** that:

(1) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, (Doc. No. 3), is **DENIED**.

(2) This action is **DISMISSED** without prejudice pursuant to § 1915(e)(2)(A).

(3) The Clerk of Court is instructed to close this case.

Signed: July 27, 2018

Frank D. Whitney
Chief United States District Judge